IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH TERRELL WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19 C 8114 |
| LILLIAN HOLLOWAY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

While detained at the Cook County Jail, plaintiff Keith Wilson filed a *pro se* lawsuit alleging that he did not receive proper treatment for a slipped disc after an injury he suffered, it appears, just prior to his initial detention at the Jail. The last remaining defendant, Dr. Lillian Holloway, has moved for summary judgment, contending that Mr. Wilson did not exhaust administrative remedies before suing her, as required under the Prison Litigation Reform Act (PLRA). The Court held an oral hearing on the motion. For the reasons stated below, the Court denies Dr. Holloway's motion.

Summary judgment is appropriate if there is no genuine dispute regarding any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence would permit a reasonable factfinder to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court views the facts and draws reasonable inferences in the light most favorable to

the nonmoving party, in this case Mr. Wilson. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

The PLRA requires an imprisoned person who files a lawsuit under 42 U.S.C. § 1983 to first exhaust available administrative remedies within the correctional system. 42 U.S.C. § 1997e(a); *see, e.g.*, *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The administrative process, which typically involves filing and pursuing a grievance, is intended to allow correctional facilities "to address [issues] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). To fulfill the exhaustion requirement, an incarcerated person must comply with the procedures and deadlines established by the correctional facility's policies. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). Because failure to exhaust is an affirmative defense, the burden is on the defendant to establish that the plaintiff failed to exhaust. *Maddox*, 655 F.3d at 720.

Dr. Holloway argues that Mr. Wilson failed to exhaust administrative remedies because the allegations in his grievance were "substantively distinct" from the allegations in his complaint. Def.'s Mot. for Summ. J. (dkt. no. 67) at 5. Dr. Holloway points to the Seventh Circuit's recent ruling in *Bowers v. Dart*, 1 F.4th 513 (7th Cir. 2021), in which the court affirmed a ruling that a detained person had failed to exhaust administrative remedies regarding a claim that jail staff "had advance notice of the risk that he would be attacked" by another detained person "yet failed to protect him from

2

harm." *Id.* at 517. The plaintiff in *Bowers* had alleged in his grievance that the officer on duty did not respond to his pleas for help during the attack. *Id.* at 517. The Seventh Circuit, citing the "disconnect" between the lawsuit and the grievance, concluded that the plaintiff failed to exhaust remedies regarding the claim in the lawsuit because he "presented none of these allegations to the jail through the grievance process." *Id.* at 517–18.

No such disconnect exists in this case. The parties agree that the relevant grievance is Mr. Wilson's August 9, 2019 grievance concerning medical treatment he received on August 5, 2019. *See* Dkt. no. 68-3 at ECF pp. 11-12 of 45. In that grievance, Mr. Wilson made complaints about two doctors who treated him, the first of whom took x-rays of his hand and back and refused his request for crutches. *See id.* at ECF p. 11 of 45. Mr. Wilson stated in the grievance that the second doctor, who appears to be Dr. Holloway, also denied his request for crutches and said that without them he would "he[a]l faster." *Id.* Mr. Wilson further stated in the grievance that he was "risking my life" by walking on his own, could not sleep at night due to pain, his body was numb from his hands to his feet, and he needed to see a "real doctor." *Id.*

Turning to the present lawsuit, Mr. Wilson alleges in his third amended complaint that Dr. Holloway examined him on Aug. 4 or 5, 2019. 3rd Am. Comp. (dkt. no. 55) at 5. He says he told Dr. Holloway that he had been "slammed" from a six-foot gate onto his back, causing numbness and later sharp pain in his back. *Id.* Mr. Wilson alleges that Dr. Holloway suggested this was simply soreness from the fall, prescribed him pain pills, and cleared him to return to his housing unit. *Id.* Mr. Wilson alleges that he was not treated by medical personnel again until Sept. 3, 2019, when an unidentified doctor who

was treating his hand scheduled him to see an "outside doctor" regarding his back pain. *Id.* Mr. Wilson says that he does not know "why medical neglected to treat me," given that he could not keep his balance due to weakness in his legs. *Id.*

Dr. Holloway argues that in the grievance, Mr. Wilson complained only that she denied him crutches, not that he was improperly diagnosed or refused treatment. For this reason, Dr. Holloway contends, the grievance is insufficient to exhaust administrative remedies with regard to his claim against her in this lawsuit. The Court disagrees. Though the allegations in the complaint and the grievance are not identical, they involve the same alleged wrongdoing and wrongdoer. And it is readily apparent from the grievance that Mr. Wilson—though he may have specifically referred to a perceived need for crutches—was contending that Dr. Holloway minimized his back injury and did not properly treat him for it, which is the essence of the claim he asserts against her in this case. It also appears, based on a fair reading of the complaint in this lawsuit, that Mr. Wilson contends that he should have been sent to an outside specialist sooner, which he also asserted in the grievance when he stated that he needed to see a "real doctor."

Dr. Holloway contends that *Bowers* represents a "new direction" requiring a "substantive connection" between the grievance and the complaint to satisfy the PLRA's exhaustion requirement. Def.'s Mot. for Summ. J. at 6. That reads too much into *Bowers*, which stands for the rather unexceptional proposition that a court cannot "consider a claim that has not traveled the required administrative path." *Bowers*, 1 F.4th at 518 (citing *Ross v. Blake*, 578 U.S. 632, 639-40 (2016)). The court in *Bowers* simply found that "[c]ontending that [an officer] failed to come to [the plaintiff's] aid

4

during the attack is not the same as alleging that the jail employees predicted but ignored the risk." *Id.* In this case, by contrast, the claim that Mr. Wilson asserted in his grievance—that Dr. Holloway incorrectly diagnosed him and failed to provide proper treatment, including a referral to a specialist—*is* the same as the claim he asserts against her in his complaint in this lawsuit.

What Dr. Holloway is actually arguing for here amounts to something akin to an enhanced pleading requirement for grievances combined with some sort of requirement that the grievance's wording match that of the complaint  The PLRA, however, does not specify how detailed a prisoner's grievance must be to exhaust his administrative remedies; rather, those requirements are found in the facility's grievance procedures. *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020).  As far as the PLRA is concerned, the Seventh Circuit has made clear that a grievance will suffice "if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'"  *Id.* (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)); *see Maddox*, 655 F.3d at 722 (grievance sufficient if it gives correctional officials "a fair opportunity" to address complaint).  Thus, although a grievance must "object intelligibly to some asserted shortcoming," the imprisoned person who submits the grievance is not required by the PLRA to "lay out the facts, articulate legal theories, or demand particular relief."  *Strong*, 297 F.3d at 650.  *Bowers* does not change any of this.

Dr. Holloway does not contend that Mr. Wilson's grievance omitted information required by the Jail's rules regarding the contents of grievances.  The only such requirements identified by Dr. Holloway in her summary judgment submission are to include the date, time, specific location of the incident, and name or "identifiers" of the

accused. *See* Def.'s LR 56.1 Stat. (dkt. no. 68) ¶ 17. Mr. Wilson fulfilled those requirements. More broadly, his grievance was amply sufficient to alert Jail officials of the nature of the alleged wrong and the responsible party, the same wrong and party that are alleged in this lawsuit. No more is required under the PLRA.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for summary judgment [dkt. no. 67]. Given the current stage of the case, the nature of plaintiff's claims, and his difficulties in navigating the legal system during the two-plus years the case has been pending, the Court has determined to recruit counsel to represent plaintiff. The Court will enter a separate order in that regard.

Date: February 14, 2022

_____
MATTHEW F. KENNELLY
United States District Judge